UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EDWARD LEE SPEAR,**

    **Plaintiff,**

vs.                                              CASE NO. 4:23-cv-00364-AW-MAF

**OFFICER SMITH,**
et al.,

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Edward Lee Spear, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not file a complete application to proceed *in forma pauperis* (IFP) and did not pay the $402 filing fee. See ECF Nos. 2, 4. For the reasons stated, this case should be dismissed because Plaintiff failed to comply with court orders.

**I.  Plaintiff's Complaint, ECF No. 1.**

Plaintiff sued five Liberty Correctional Institution (C.I.) officials, namely, Officer Smith; Sgt. Deante McMillian; Leon Foreman, LPN; Gunna Harris, H.S.A.; and Samuel DeFigarelli, MSMD, solely in their official capacities. ECF No. 1, pp. 1-5. Plaintiff alleges, on December 30, 2022, Smith handcuffed Plaintiff and escorted him from the shower to his cell. Id., p. 7.

Plaintiff's cellmate was present in the cell but not handcuffed. Id. Smith ordered the cellmate to step back. Id. When the door opened, Smith directed Plaintiff to step inside. Id. The cellmate attacked Plaintiff and punched him in the face several times, but Plaintiff could not defend himself. Id. Plaintiff claims Smith failed to protect him. Id., p. 8.

On January 12, 2023, Plaintiff saw McMillian and reported Smith's "negligence" and failure to have Plaintiff evaluated by medical. Id., p. 8. McMillian ordered Plaintiff to pick up a mop from the floor; and, when Plaintiff picked it up, McMillian yelled at Plaintiff to drop it and sprayed Plaintiff with a chemical agent. Id. McMillian threw Plaintiff to the ground, handcuffed him, and said, "This is what happens to inmates that report officers at Liberty C.I." Id., pp. 8-9. Plaintiff was escorted to a "decontamination shower." Id., p. 9.

Foreman, an LPN, gave Plaintiff a pre-confinement assessment, and told the sergeant to take Plaintiff to medical emergency. Plaintiff remained in the emergency room, was placed on 23-hour observation, and received medications. Id., p. 9. Foreman entered false information in Plaintiff's medical record, but Plaintiff does not explain what was false. Id., p. 10. Foreman submitted a mental health referral for Plaintiff, but DeFigarelli and Harris overlooked the referral. Id.

As relief, Plaintiff wants two disciplinary reports written by McMillian removed from his record, although he does not provide any facts surrounding the reports. Id., p. 11. Plaintiff also wants to be transferred to a different prison to be closer to his family and $100,000 in money damages. Id. Plaintiff provides no set of factual details against DeFigarelli or Harris.

## II.  Discussion

Dismissal for Failure to Comply with Court Orders

The Court previously screened Plaintiff's complaint and advised him that his complaint was a shotgun pleading; certain claims were likely barred by Eleventh Amendment immunity; and inmates have no constitutional right to be housed in the prison of their choice. ECF No. 4. Also, because Plaintiff did not include the requisite inmate account statements with his IFP motion, the Court denied the motion. ECF Nos. 2, 4. The Court ordered Plaintiff to amend the complaint to cure the deficiencies and to file a complete IFP application or, alternatively, pay the filing fee by **September 21, 2023**. ECF No. 4. Plaintiff filed a motion for an extension of time, which was granted. ECF Nos. 5, 6. Plaintiff had until **October 23, 2023**, to comply. ECF No. 6. The Court warned that failure to comply with court orders would result in a recommendation to dismiss this action. ECF Nos. 4, 6.

Instead, Plaintiff filed a motion seeking injunctive relief demanding

access to the law library and a tablet. ECF No. 7. A Report recommending the motion be denied is pending. ECF No. 8. The Report reminded Plaintiff to amend his complaint and file a complete IFP motion or, alternatively, pay the filing fee. Id. Plaintiff has not submitted an amended complaint, did not submit a complete IFP application with the requisite inmate account statements, and did not pay the filing fee.

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

### III. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be **CLOSED.**

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2023.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).